UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THOMAS GESUALDI, LOUIS BESIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS F. CORBETT,
as trustees and fiduciaries of the Local 282
Pension Fund,

                               Plaintiffs,                **ORDER**

   -against-

                                                        13 CV 1873 (DRH) (GRB)

AVA SHYPULA TESTING & INSPECTION,
INC.,

                               Defendant.
-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

       Thomas Gesualdi, Louis Besignano, Anthony D'Aquila, Michael O'Toole, Benny Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett (collectively "plaintiffs"), trustees and fiduciaries of the Local 282 Pension Fund (the "Pension Fund"), brought this action against Ava Shypula Testing & Inspection ("defendant"). Defendant agreed to make contributions to the Pension Fund on behalf of covered workers, but on or about April 2010, defendant permanently ceased all contributions to the Pension Fund. Because of defendant's "complete withdrawal," as defined by § 4203(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1383(a), plaintiffs seek pursuant to § 4201 of ERISA, 29 U.S.C. § 1381 to recover withdrawal liability, "a sum that represents a portion of the fund's unfunded vested benefits." (Report and Recommendation of Magistrate Judge Brown, February 28, 2014, at 2, 6 (internal quotation marks and citation omitted).)

       After the defendants' default was noted by the Clerk of the Court pursuant to Federal Rule

of Civil Procedure ("Rule") 55(a), plaintiffs moved for entry of a default judgment under Rule 55(b). On September 9, 2013, this motion was referred to United States Magistrate Judge Gary R. Brown to issue a Report and Recommendation as to whether plaintiffs have demonstrated that the allegations in the Complaint establish the defendants' liability such that the motion for default judgment should be granted, and if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded.

On February 28, 2014, Judge Brown issued a Report and Recommendation which recommended that a default judgment be entered against the defendants and that the following damages be awarded: (1) $334,672 in withdrawal liability; (2) $85,341.36 in interest; (3) $85,341.36 in liquidated damages; (4) $4,733.25 in attorney's fees; and (5) $601.80 in costs. More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 28, 2014 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Therefore, the Court adopts the Report and Recommendation of Judge Brown as is set forth therein. Accordingly, the Court hereby directs that default judgment be entered in favor of plaintiffs and against defendant for the following damages:

(1) $334,672 in withdrawal liability;

(2) $85,341.36 in interest;

(3) $85,341.36 in liquidated damages;

(4) $4,733.25 in attorney's fees; and

(5) $601.80 in costs.

Upon entry of judgment, the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
April 10, 2014

/s/
Denis R. Hurley
Unites States District Judge